```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| MIGUEL A. ZAVALA VIGAS,        ) | 1:09-CV-01992 LJO GSA HC |
|                                ) | |
|            Petitioner,         ) | |
|                                ) | FINDINGS AND RECOMMENDATION |
|      v.                        ) | REGARDING RESPONDENT'S MOTION |
|                                ) | TO DISMISS |
|                                ) | |
| K. HARRINGTON,                 ) | [Doc. #18] |
|                                ) | |
|            Respondent.         ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on March 26, 2004, of receiving first degree murder (Cal. Penal Code § 187) committed while he was engaged in commission of a robbery (Cal. Penal Code § 190.2(a)(17)), and two counts of robbery (Cal. Penal Code § 211). (LD[1] 1.)  On May 20, 2004, Petitioner was sentenced to serve a term of life in state prison without the possibility of parole (LD 1.)

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On November 1, 2005, the Fifth DCA ordered the abstract of judgment

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

be amended to specify that the convictions of robbery were second degree and to delete a fine. (LD 1.) The judgment was affirmed in all other respects. (LD 1.) Petitioner then sought review in the California Supreme Court. On January 18, 2006, the California Supreme Court denied review. (LD 2.) Petitioner did not file any post-conviction collateral challenges.

On October 21, 2009,[2] Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On February 12, 2010. Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On March 15, 2010, Petitioner filed an opposition.

### DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

---

[2] Although the petition was actually filed in this Court on November 13, 2009, the petition was dated October 21, 2009.  In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  Therefore under the mailbox rule, the Court deems the petition filed on October 21, 2009, the date Petitioner presumably handed his petition to prison authorities for mailing.

standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 21, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on January 18, 2006.  Thus, direct review concluded on April 18, 2006, when the ninety (90)

day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The statute of limitations commenced on the following day, April 19, 2006, and expired one year later on April 18, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until October 21, 2009, over two and a half years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner did not file any post-conviction collateral challenges with respect to the pertinent judgment in the state courts. Therefore, he is not entitled to any statutory tolling and the petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner contends he should be granted equitable tolling because he is illiterate and was not provided adequate legal assistance for a non-English speaker. In Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir.2006), the Ninth Circuit held that a non-English speaking petitioner may be entitled to equitable tolling if he can demonstrate that he was unable, despite diligent efforts, to procure legal materials in his language or to obtain translation assistance.

However, in Pace, the Supreme Court made clear the requirement that equitable tolling is only available if the petitioner demonstrates that he acted diligently. 544 U.S. at 418. In order to show diligence, he must provide details of any specific actions he took toward the filing of the petition. Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir.2006), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir.2006), *cert. denied*, 549 U.S. 1338 (*per curiam*). Additionally, he "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir.2008). In this case, Petitioner fails to demonstrate that he acted diligently. His only assertion is a conclusory statement that he is a non-English speaker who was not provided translation assistance. He completely fails to state with specificity any actions he took to mitigate his language deficiency. His conclusory claim is insufficient to satisfy his burden of demonstrating he acted diligently.

Petitioner also argues he suffered from psychological factors which influenced his behavior during the time of the crimes in this case. He refers to the appellate opinion in which psychologist Dr. Paul Wuehler testified that Petitioner was shy, immature and had a below-average intellectual ability. This argument is meritless since the time period the psychologist referred to is irrelevant for purposes of this inquiry, and Petitioner fails to specify how these psychological factors contributed to the delay. In addition, ignorance of the law and lack of knowledge generally do not excuse an untimely filing since most prisoners suffer these same circumstances; they are certainly not atypical and extraordinary.

Finally, Petitioner argues he was not provided a legal assistant by the institution. This claim also fails since there is no constitutional right to counsel in non-capital post-conviction collateral actions.

For the above reasons, Petitioner fails to demonstrate diligence and that some extraordinary circumstance prevented him from timely filing his federal petition. He should not be granted equitable tolling.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

1  comply with 28 U.S.C. § 2244(d)'s one year limitation period.

2       This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
3  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
4  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.  Within thirty (30) days after date of service of this Findings and Recommendation, any
6  party may file written objections with the Court and serve a copy on all parties.  Such a document
7  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
8  the Objections shall be served and filed within fourteen (14) days after service of the Objections.
9  The Finding and Recommendation will then be submitted to the District Court for review of the
10 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
11 to file objections within the specified time may waive the right to appeal the Order of the District
12 Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14       IT IS SO ORDERED.

15       Dated:   **April 7, 2010**            **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE